**John Richard CLOUSER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1973.

Rehearing Denied Feb. 15, 1974.

David Kaplan, Kaplan, Lyon & Brady, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was sentenced to imprisonment for ten years upon conviction of the offense of involuntary manslaughter in the first degree. He asserts three grounds for reversal of the judgment: (1) The evidence did not establish the corpus delicti, (2) assuming proof of the corpus delicti, the evidence was not sufficient to prove that appellant committed the crime, and (3) the Commonwealth's Attorney made

improper remarks in the closing argument prejudicial to appellant.

This homicide occurred in a room in which only the deceased, the appellant, and one other person were present. The appellant did not testify. The other occupant of the room testified that the deceased was ill and in bed; that shortly before the shooting appellant was sitting on the edge of the bed playing with a pistol; that he pointed the pistol toward the witness and she told him not to point it at her; that she turned to watch television with her back to the appellant and heard the gun discharge; and that she did not see the shooting but when she looked around the gun was lying on the bed between the appellant and the deceased. The appellant was the last person she saw handling the weapon. The appellant requested the witness to tell the authorities that the deceased had shot herself and threatened her life if she refused to do so.

The deceased was shot in the left temple. The testimony was that she was right-handed. The deputy coroner testified that there were no powder burns on the surface of the skin around the wound caused by the bullet, and a pathologist testified that there were no powder marks on a section of tissue removed from the wound which he examined microscopically.

An FBI laboratory technician testified that he performed experiments with the weapon and that when fired it would leave powder marks upon a target within three feet of the muzzle.

▮ Corpus delicti means the body of the crime, and in homicide cases proof of the corpus delicti requires a showing (1) of a death and (2) that the death resulted from the criminal agency of another. Dolan v. Commonwealth, Ky., 468 S.W.2d 277 (1971); Warnell v. Commonwealth, Ky., 246 S.W.2d 144 (1952); and Hawk v. Commonwealth, 284 Ky. 217, 144 S.W.2d 496 (1940). The corpus delicti may be shown by circumstantial evidence, but the circumstances must be more consistent with guilt than with innocence. Goodman v. Commonwealth, Ky., 285 S.W.2d 146 (1955).

Unquestionably, the deceased did not die from natural causes. It is possible, of course, that she could have committed suicide but the evidence, admittedly circumstantial, is more consistent with homicide than suicide.

There was no testimony that the deceased was despondent. She had consulted a doctor about her illness on the day of her death which is some indication of a desire to continue living.

We think the likelihood is that a right-handed person would shoot a gun with his right hand, and a self-inflicted wound would more likely appear on the right temple than the left. The absence of powder burns or marks is a circumstance that is more consistent with homicide than suicide. The gun would leave powder marks if fired within three feet of the target, and it is difficult to imagine how the deceased could have held the gun muzzle more than three feet away from her head and shot herself.

The threats which appellant made to the witness, Kathleen Perritt, to the effect that he would kill her if she did not corroborate his story that the deceased had committed suicide are some evidence of guilt.

▮ We think the circumstances were sufficient to show that the death was occasioned by a criminal agency of some person other than the deceased. The same circumstances which prove the corpus delicti are sufficient to support the verdict as to the appellant's guilt.

Once we conclude that the evidence justified a finding that the wound was not self-inflicted, it follows that the circumstantial evidence supports the conviction of the appellant. He was the last person shown by the evidence to have possession of the weapon, and just prior to the shoot-

ing he was playing with the gun and pointing it at other people. This circumstance alone is sufficient to support the verdict as to him.

The case was submitted to the jury with instructions upon involuntary manslaughter in both the first and second degree. No specific objection was made as to the instructions either at the trial or in the motion and grounds for new trial.

We do not think the appellant was prejudiced in any manner by the closing argument of the Commonwealth's Attorney.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.